**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MINERVA AGUILAR,<br><br>PLAINTIFF,<br><br>v.<br><br>MIDLAND FUNDING, LLC, and MIDLAND CREDIT MANAGEMENT, INC.,<br><br>DEFENDANTS. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 18-cv-05547<br><br>Jury Demanded |

**COMPLAINT**

Plaintiff, Minerva Aguilar, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA), and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendants transact substantial business here.

**STANDING**

3. Plaintiff has suffered an injury in fact that is traceable to Defendants' conduct and that is likely to be redressed by a favorable decision in this matter.

4. Specifically, Defendant's failure to report to a credit reporting agency that the debt is disputed creates a "real risk of financial harm caused by an inaccurate credit rating." *Evans v. Portfolio Recovery Assocs., LLC*, 889 F.3d 337, 346 (7th Cir. 2018).

**PARTIES**

5. Plaintiff, Minerva Aguilar ("Plaintiff"), is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt for a defaulted Comenity Bank consumer credit account. Plaintiff is thus a "consumer" as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

6. Defendant, Midland Funding LLC ("Midland"), is a Delaware limited liability company with its principal place of business at 3111 Camino Del Rio N, #1300, San Diego, CA 92108. It does or transacts business in Illinois. Its registered agent is Midland Credit Management, Inc., 1821 Walden Office Sq., Suite 400, Schaumburg, IL 60173. (Exhibit A, Record from Illinois Secretary of State).

7. Midland holds a collection agency license from the state of Illinois (Exhibit B, Record from Illinois Department of Financial & Professional Regulation).

8. Midland's principal purpose is the collection of debts, as it derives all of its revenue from purchasing and recovering portfolios of defaulted receivables from consumers. *See* SEC filings, Encore Capital Group, Inc., Annual Report (Form 10-K) (Dec. 31, 2016), available at http://investors.encorecapital.com/phoenix.zhtml?c=115920&p=irol-reportsannual (viewed November 15, 2017).

9. Midland is thus a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

10. Defendant, Midland Credit Management ("MCM"), is a Kansas corporation with its principal place of business at 3111 Camino Del Rio N, Suite 1300, San Diego, CA 92108-8875. MCM does or transacts business in Illinois. Its registered agent is Illinois Corporation Service Co., located at 801 Adlai Stevenson Drive, Springfield, IL 62703. (Exhibit C, Record from Illinois Secretary of State).

11. MCM is a collection agency that attempts to collect debts held in the name of Midland Funding, LLC.

12. MCM holds a collection agency license from the State of Illinois. (Exhibit D, Record from Illinois Department of Financial & Professional Regulation).

13. MCM regularly collects or attempts to collect defaulted consumer debts due or asserted to be due another, and is therefore a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

**FACTUAL ALLEGATIONS**

14. According to Defendants, Plaintiff incurred an alleged debt for goods and services used for personal purposes, originally for a Comenity Bank consumer credit account ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

15. Due to her financial circumstances, Plaintiff could not pay any debts, and the alleged debt went into default.

16. Midland and MCM subsequently began collecting the alleged debt.

17. In response to collection attempts by Defendants, Plaintiff consulted with the attorneys at Community Lawyers Group, Ltd., who, on June 10, 2018, sent a letter to Midland indicating that Plaintiff disputed the alleged debt. (Exhibit E, Dispute Letter).

18. Midland received Plaintiff's dispute on June 10, 2018.

19. Plaintiff's letter stated, in part, that the amount reported is not accurate.

20. A statement that "the amount reported is not accurate" evinces the intention to dispute the validity of at least a portion of the purported debt. *Evans*, No. 17-1773, 2018 WL 2035315, at *5. "There is simply no other way to interpret this language." *Id*.

21. After making the dispute, Plaintiff obtained her Experian credit report.

22. On June 18, 2018, Midland communicated credit information regarding the alleged debt to the Experian consumer reporting agency, including a balance, an account number and the date reported. (Exhibit F, Redacted Excerpt from Plaintiff's Experian Report).

23. Midland failed to communicate that Plaintiff's alleged debt was disputed when it communicated other information to Experian regarding the alleged debt.

24. Midland had been notified eight (8) days prior of Plaintiff's dispute.

25. Eight (8) days is sufficient time for a debt collector to update its records. *See Herbert v. Monterey Financial Services, Inc*., 863 F. Supp. 76 (D. Conn. 1994) (holding that five days was enough time for a debt collector to update their records with information from a consumer's letter).

26. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .**

27. Midland failed to communicate a dispute to the Experian credit reporting agency, in violation of 15 U.S.C. § 1692e(8), when it knew or should have known about the dispute and communicated other information regarding the alleged debt to the credit reporting agency.

28. Credit reporting by a debt collector constitutes an attempt to collect a debt. *E.g., Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's report of a debt to a

consumer reporting agency is a "powerful tool, designed in part to wrench compliance with payment terms from its cardholder").

29. Midland materially lowered Plaintiff's credit score by failing to note Plaintiff's dispute.

30. A debt reported with no dispute results in a much lower credit score than a report of both the debt and the dispute. *Saunders v. Branch Banking and Trust Co. of VA*, 526 F. 3d 142, 146-47 (4th Cir. 2008).

31. Midland bears the burden of monitoring the activities of those it enlists to collect debts on its behalf, including MCM. *Janetos v. Fulton Friedman & Gullace, LLP*, No. 15-1859, 2016 WL 1382174, at *7 (7th Cir. Apr. 7, 2016).

32. Plaintiff experienced negative emotions about Defendants' false communications, including annoyance, aggravation, and other garden variety emotional distress.

33. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. *See*, *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I- FAIR DEBT COLLECTION PRACTICES ACT**

34. Plaintiff re-alleges the paragraphs above as if set forth fully in this count.

35. Defendants failed to communicate a dispute to the Experian credit reporting agency, in violation of 15 U.S.C. § 1692e(8), when they knew or should have known about the dispute and communicated other information regarding the alleged debt to Experian.

WHEREFORE, Plaintiff respectfully asks this Court enter judgment in Plaintiff's favor and against Defendants as follows:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

B. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

C. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

D. Such other or further relief as the Court deems proper.

**JURY DEMAND**

Plaintiff demands trial by jury.

By: s/Celetha Chatman
One of Plaintiff's Attorneys

Michael Wood
Celetha Chatman
**Community Lawyers Group, Ltd.**
73 W. Monroe Street, Suite 514
Chicago, IL 60603
Ph: (312) 757-1880
Fx: (312) 265-3227
cchatman@communitylawyersgroup.com